09-024059

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>DEBBIE PINES MANSFIELD and LAWRENCE J. MANSFIELD,<br><br>      DEBTORS.<br>_____ | Chapter 11<br>Case No. 17-36587<br><br><br>_____ |
| DEBBIE PINES MANSFIELD and LAWRENCE J. MANSFIELD,<br>      PLAINTIFFS,<br>-vs-<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF BCAP LLC TRUST 2007-AA4,<br>      DEFENDANT. | Adversary Case No. 17-00594<br><br>Hon. Jacqueline Cox<br>Room 680 |

## NOTICE OF MOTION

<u>Notified via Electronic Filing</u>
Ariel Weissberg, 401 S. LaSalle St., Suite 403, Chicago, IL 60605
<u>Notified via US Postal Service</u>
Debbie Pines Mansfield, 545 West Aldine Avenue, Unit 6E, Chicago, IL 60657
Lawrence J. Mansfield, 545 West Aldine Avenue, Unit 6E, Chicago, IL 60657

    Please take notice that on the 29th day of March at the hour of 10:00 AM or as soon thereafter as I may be heard, I shall appear before the Honorable Judge Jacqueline P. Cox, Courtroom 680 at the United States Bankruptcy Court, 219 S Dearborn, Chicago, IL 60604 or before any other Bankruptcy Judge who may be presiding in his/her place and stead and shall then and there present the accompanying Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). At that time and place you may attend if you so choose.

## AFFIDAVIT OF SERVICE

      The undersigned hereby certifies that he/she caused a true and correct copy of the above and foregoing document to be sent to the Debtors at the address listed below. Said copy was placed in an envelope addressed as listed below and placed in the U.S. Mail on March 22, 2018, with first class postage prepaid. All other parties entitled to notice received such notice electronically, through the office of the Clerk of the Court.

      Respectfully Submitted,

      /s/ Michael N. Burke
      Michael N. Burke

Mike Kalkowski ARDC #6185654
Richard B. Aronow ARDC# 03123969
Michael N. Burke ARDC#6291435
Shapiro Kreisman & Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant
09-024059

**The firm of Shapiro Kreisman & Associates, LLC is a debt collector. This is an attempt to collect a debt. Any information may be used for that purpose. If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**

09-024059

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>DEBBIE PINES MANSFIELD and LAWRENCE J. MANSFIELD,<br><br>        DEBTORS.<br>_____<br>DEBBIE PINES MANSFIELD and LAWRENCE J. MANSFIELD,<br>        PLAINTIFFS,<br>-vs-<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF BCAP LLC TRUST 2007-AA4,<br>        DEFENDANT. | Chapter 11<br>Case No. 17-36587<br><br>_____<br><br>Adversary Case No. 17-00594<br><br>Hon. Jacqueline Cox<br>Room 680 |

**MOTION TO DISMISS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(1)**

Now comes Defendant, Nationstar Mortgage, LLC dba Mr. Cooper as servicer for Deutsche Bank National Trust Company, as Trustee, on Behalf of BCAP LLC Trust 2007- AA4, (hereafter referred to as "Deutsche Bank"), by and through its attorneys, Shapiro Kreisman & Associates, LLC, and moves this court pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Adversary Complaint filed by the Debtor-Plaintiffs, Debbie Pines Mansfield and Lawrence J. Mansfield (hereinafter collectively referred to as "the Mansfields"), and in support thereof, Deutsche Bank states the following:

**RELEVANT FACTUAL BACKGROUND**

The Mansfields are the owner of a property located at 545 West Aldine, Unit 6EF, Chicago, Illinois 60657. Deutsche Bank filed a mortgage foreclosure action against the Mansfields involving the subject property in the Circuit Court of Cook County, Case No. 09 CH

1

35324, titled *Deutsche Bank National Trust Company, as Trustee, on Behalf of BCAP LLC Trust 2007- AA4 v. Debbie Pines Mansfield; Lawrence Mansfield, et al*.

A foreclosure complaint was filed on September 24, 2009. Discovery was completed and June 1, 2016 the Mansfields, through counsel in the foreclosure case, filed an Answer with affirmative defenses. (Exhibit A) The Mansfields plead First and Second Affirmative Defenses alleging lack of standing and that the proposed lender was a non-existent entity (Exhibit A at pg. 6-9). A Reply to the plead Affirmative Defenses was filed by Deutsche Bank on June 22, 2016. (Exhibit B).

A motion for Summary Judgment was scheduled for presentment on February 27, 2017 at which time a briefing schedule was entered (Exhibit C). The Mansfields filed a Response to Summary Judgment on August 7, 2017. (Exhibit D) Deutsche Bank filed a Reply in Support of the Motion for Summary Judgment on September 5, 2017. (Exhibit E). Summary Judgment was ruled on by the state court on October 25, 2017. (Exhibit F)

In the Summary Judgment ruling issued on October 25, 2017, the state court found that "there is not a genuine issue of a material fact with respect to Plaintiff's standing, the validity of the Mortgage, or Countrywide's/America's Wholesale Lender's status at the time of the mortgage." (Exhibit F at pg. 3)

On December 10, 2017, the Mansfields filed Chapter 11 bankruptcy 17-36587 in the Northern District of Illinois. The subject Adversary Complaint was filed on December 11, 2017. The allegations in the Adversary Complaint are almost identical to the allegations in the affirmative defenses filed in the foreclosure case. All bankruptcy actions were initiated after the state court ruling was entered on October 25, 2017.

**LEGAL STANDARD**

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) motion tests whether the Court has subject-matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009); Long v. ShoreBank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).* "If the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, [then] the movant may use affidavits and other material to support the motion." *United Phosphorous, Ltd. v. Angus Chem Co., 322 F.3d 942, 946 (7th Cir. 2011).* "Where jurisdiction is a question, the party asserting the right to the federal forum has the burden of proof, regardless of who raised the jurisdictional challenge." *Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008).*

**ARGUMENT**

The Mansfields filed this Adversary Complaint raising the same arguments that were already adjudicated in the foreclosure case. For the reasons set forth below, this action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this court lacks jurisdiction based on the *Rooker-Feldman* Doctrine.

I.   **The *Rooker-Feldman* Doctrine.**

The *Rooker Feldman* doctrine is a legal principle that a federal court does not have jurisdiction to review decisions of state courts or claims inextricably intertwined with an earlier state-court judgment. The *Rooker-Feldman* doctrine "rests on the premise that the Supreme Court is the only federal court with appellate authority over state-court decisions." (*Balogh v. Deutsche Bank Nat'l Trust Co.,* (Case No. 17-CV-862) 2017 U.S. Dist. LEXIS 195342, 2017 WL 5890878 at *8 (N.D. IL November 28, 2017)). "It prevents lower federal courts…from exercising jurisdiction over cases challenging state-court judgments entered before the losing party filed a federal suit." *Id at *8-9.* The doctrine is intended to apply to "cases brought by

3

state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 161 L. Ed. 2d 454, 125 S. Ct. 1517, 1521-22 (2005).*

## II. The State Court Foreclosure.

The Mansfields, in the state court foreclosure action filed in 2009, filed an Answer with affirmative defenses alleging a lack of standing and questioning the mortgage lien itself based on the lender being a non-existent entity. The issues were fully briefed and decided by the issuance of a Memorandum and Order on Summary Judgment entered on October 25, 2017 by Judge Daniel Patrick Brennan in the Circuit Court of Cook County. The Memorandum and Order lays out the state court decision clearly under the section "Standing/Validity of Mortgage and Original Mortgagee" and finds that "there is not a genuine issue of a material fact with respect to Plaintiff's standing, the validity of the Mortgage, or Countrywide's/America's Wholesale Lender's status at the time of the mortgage." The Memorandum goes on to enter Summary Judgment in favor of Deutsche Bank. (Exhibit F)

## III. Because the state court has already issued a ruling on the merits, this court lacks jurisdiction over the claims raised in the Adversary Complaint.

The claims raised by the Mansfields in their Adversary Complaint are clearly barred by the *Rooker-Feldman* doctrine. Counts I and II of the Adversary Complaint allege that the Note held by Deutsche Bank is unenforceable because the Note was originated by America's Wholesale Lender who the Mansfields allege is a non-existing entity, which is the exact same argument raised by the Mansfields in the foreclosure case. The ruling by the state court judge includes an analysis of the issues and enters summary judgment in favor of Deutsche Bank. In fact, the ruling specifically makes a finding that "there is not a genuine issue of a material fact with respect to Plaintiff's standing, validity of the Mortgage, or Countrywide's/America's

4

Wholesale Lender's status at the time of the mortgage." (Exhibit F). The claims have already been adjudicated in state court so this court lacks jurisdiction to hear the same claims again in this action.

A similar issue was recently addressed by this district in *Balogh v. Deutsche Bank Nat'l Trust Co.,* (Case No. 17-CV-862) 2017 U.S. Dist. LEXIS 195342, 2017 WL 5890878 (N.D. IL November 28, 2017), where a borrower brought suit against a mortgage lender for rescission under the Truth In Lending Act after a judgment of foreclosure had already been entered by the state court.

When analyzing the *Rooker-Feldman* doctrine, the court in Balogh explained that the "first issue to consider is whether the state-court judgment can even trigger the *Rooker-Feldman* doctrine at all. Under Illinois law, a judgment of foreclosure-despite the fact that it is called a 'judgment'- is an interlocutory order." (*Balogh v. Deutsche Bank Nat'l Trust Co.,* (Case No. 17-CV-862) 2017 U.S. Dist. LEXIS 195342, 2017 WL 5890878 at *10 (N.D. IL November 28, 2017)). "A judgment of foreclosure does not actually 'dispose of all issues between the parties and it does not terminate the litigation'." *Id*. "The Seventh Circuit has not definitively answered whether *Rooker-Feldman* applies to judgments of foreclosure." Id. "Ordinarily an interlocutory order cannot serve as the trigger of the *Rooker-Feldman* doctrine." *Id at *10-11.*. "But judgments of foreclosure are inherently different from ordinary interlocutory orders. A judgement of foreclosure does definitively decide certain claims asserted by the lender and does grant certain requests for relief sought by the lender. In that sense, the judgment is final on those definitively decided claims and request for relief. Indeed, nothing in the ensuing state-court litigation would change the outcome of the judgment of foreclosure. So a foreclosure judgment is akin to a partial judgment under Federal Rule of Civil Procedure 54(b). In other words, the foreclosure judgment enters final decisions on certain claims and requests for relief, so much so

5

that the parties then move forward on the *premise* that the foreclosure judgment is in place. If, after the entry of a foreclosure judgment, a borrower sought a federal-court declaratory judgment that the lender had no interest in the property, then the district court would be undoing the foreclosure judgment to hold otherwise. That claim would be barred under *Rooker-Feldman*." (*Id at *11-12.*)

The facts in this adversary case are squarely analogous to *Balogh* where a Plaintiff-Borrower filed suit in federal court based on multiple state and federal law claims. The court in *Balogh* found that multiple state law claims were barred by the *Rooker-Feldman* doctrine based on the entry of a judgment of foreclosure in state court. Federal court review of the issues decided by that state court foreclosure judgment were barred under the *Rooker-Feldman* doctrine.

As in *Balogh*, after the entry of the ruling on Summary Judgment in state court, while the state court action is still proceeding, the Mansfields filed Chapter 11 bankruptcy 17-36587 in the Northern District of Illinois. The subject Adversary Complaint was filed on December 11, 2017 raising issues as to the validity of Deutsche Bank's lien and seeking a federal court declaratory judgment that the note is unenforceable.

The Summary Judgment is an interlocutory order as the state court proceedings remain unfinished, but as alluded to by the court in *Balogh*, the entered order decides specific claims and issues including the validity of the mortgage lien and note, Deutsche Bank's standing, as well as the lack of issue with the original mortgagee. As these issues have previously been decided by a state court with an issued Summary Judgment order, seeking review of these issues by this Court is an invitation to review a state court decision and reverse it.

The "state-court loser(s)," the Mansfields, are asking this Court to review issues decided prior to commencement of this federal case and adversary in direct violation of the *Rooker-*

6

*Feldman* doctrine. The 7th Circuit has held that the *Rooker-Feldman* doctrine applies when a state court loser invites the district court to review and reject a state court judgment. *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 647 (7th Cir. 2011). For that reason, the Court should grant Deutsche Bank's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and decline to make a ruling on the Adversary Complain due to lack of subject matter jurisdiction.

WHEREFORE, Defendant, Nationstar Mortgage, LLC dba Mr. Cooper as servicer for Deutsche Bank National Trust Company, as Trustee, on Behalf of BCAP LLC Trust 2007- AA4,, respectfully requests this Honorable Court grant its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), dismiss this case with prejudice, and for such other and further relief as this Court deems just.

Respectfully submitted,

By: /s/ __Michael N. Burke_____

Shapiro Kreisman and Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
Tel (847) 291-1717
Fax (847) 291-3434

7