09-024059

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>DEBBIE PINES MANSFIELD and LAWRENCE J. MANSFIELD,<br><br>       DEBTORS.<br>_____<br>DEBBIE PINES MANSFIELD and LAWRENCE J. MANSFIELD,<br>       PLAINTIFFS,<br>-vs-<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF BCAP LLC TRUST 2007-AA4,<br>       DEFENDANT. | Chapter 11<br>Case No. 17-36587<br><br>_____<br><br>Adversary Case No. 17-00594<br><br>Hon. Jacqueline Cox<br>Room 680 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Now comes Defendant, Nationstar Mortgage, LLC dba Mr. Cooper as servicer for Deutsche Bank National Trust Company, as Trustee, on Behalf of BCAP LLC Trust 2007- AA4, (hereafter referred to as "Deutsche Bank"), by and through its attorneys, Shapiro Kreisman & Associates, LLC, and for its reply in support of Defendant's Motion to Dismiss, Defendant states the following:

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL POSTURE OF THE STATE COURT FORECLOSURE CASE**

Plaintiffs Debbie Pines Mansfield and Lawrence J. Mansfield (hereinafter collectively referred to as "the Mansfields") are the beneficiaries of a land trust owning fee simple title to a property located at 545 West Aldine, Unit 6EF, Chicago, Illinois 60657. (Adversary Complaint, ¶9). Deutsche Bank filed a mortgage foreclosure action against the Mansfields involving the subject property in the Circuit Court of Cook County, Case No. 09 CH 35324, titled *Deutsche*

*Bank National Trust Company, as Trustee, on Behalf of BCAP LLC Trust 2007- AA4 v. Debbie Pines Mansfield; Lawrence Mansfield, et al*.

In the Mansfields' Response to the Defendant's Motion to Dismiss ("Response"), the Mansfields state that "Defendants are completely misleading the court in the MTD by making the argument that the Memorandum Opinion was the final judgment that terminated the Chancery Case." In fact, the Mansfields are mischaracterizing the procedural posture of the state court case.

As is common in most foreclosure proceedings that are litigated, two separate motions are filed. One is the Motion for Summary Judgment ("Summary Judgment") which was filed on January 26, 2017 asking for the court to rule in favor of Deutsche Bank as there were no material facts in dispute and Deutsche Bank was entitled to the entry of Summary Judgment as a matter of law. The second motion is a Motion for the Entry of a Judgment for Foreclosure and Sale ("Judgment of Foreclosure") filed on June 26, 2017. The Judgment of Foreclosure adjudicates lien priority and the amount of the judgment that Deutsche Bank is entitled to in the foreclosure proceedings. The Judgment of Foreclosure does not address any factual dispute, legal issues, or defenses raised by defendants in the foreclosure. Those issues are decided by the state court judge under the Motion for Summary Judgment.

As raised in the Mansfields' Response, the Judgment of Foreclosure is still pending and remains litigated. As illustrated in the exhibits attached to the Response, the pending litigation in the state court under the Judgment of Foreclosure concerns the amount of the judgment, not any other legal defenses or factual disputes in the case.

However, as stated clearly and factually in Deutsche Bank's Motion to Dismiss in these proceedings, Summary Judgment as to the factual disputes, legal issues, and defenses was entered on October 25, 2017. The Memorandum Opinion of the state court judge filed with the

Motion to Dismiss as Exhibit F states in its conclusion: "Plaintiff's Motions are granted and the Defendant's Motion are denied. Judgment of Foreclosure will be entered on October 26, 2017 by separate order." (Exhibit F on page 15 filed with Motion to Dismiss). Among the "Motions" that were granted on October 25, 2017 was Deutsche Bank's Motion for Summary Judgment. The Memorandum Opinion granting Summary Judgment specifically found as to the issues of "Standing / Validity of Mortgage and Original Mortgagee" that "there is not a genuine issue of a material fact with respect to Plaintiff's standing, the validity of the Mortgage, or Countrywide's/America's Wholesale Lender's status at the time of the mortgage." (Exhibit F at pg. 3 filed with Motion to Dismiss).

After Summary Judgment had been entered on October 25, 2017, the Mansfields filed Chapter 11 bankruptcy 17-36587 in the Northern District of Illinois on December 10, 2017. The subject Adversary Complaint was filed on December 11, 2017 raising the same issues that were previously ruled when Summary Judgment was granted by the state court judge on October 25, 2017.

**ARGUMENT**

The Mansfields filed this Adversary Complaint raising the same arguments that were already adjudicated in the pending foreclosure case. For the reasons set forth below, this action must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because this court lacks jurisdiction based on the *Rooker-Feldman* Doctrine.

    **I.    The *Rooker-Feldman* Doctrine has a Direct Application to this Adversary Proceeding.**

The Mansfields assert in their Response that the *Rooker-Feldman* doctrine has no application to the case at bar. To support this assertion, the Mansfields rely on *Parker v. Lyons*, 757 F.3d 701 (7th Cir. 2014). However, the reliance on the *Parker* is misplaced as the *Parker*

3

case, while it addresses the *Rooker-Feldman* doctrine, does not relate in any way, shape, or form to litigation involving state foreclosure actions.

*Parker* is a case dealing with the intersection of Illinois statutes governing elected officials and constitutional Due Process issues. *Parker* states that the *Rooker-Feldman* doctrine "divests district courts of jurisdiction only in cases where 'the losing party in state court filed suit in federal court after the state court proceeding ended.' " *Id. at* 705. *Parker* goes on to state "As the Ninth Circuit explained, Saudi Basic Industries clarified that 'proceedings end for Rooker-Feldman purposes when the states courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum.' " *Id. at 705.*

This case is significantly different than Parker because in this case, the state court has ruled on the issues raised in the Adversary Complaint, those of standing and lien validity, on October 25, 2017, almost a full month prior to the filing of this Adversary Complaint on December 11, 2017.

Furthermore, the fact pattern in *Parker* involving state election statutes and constitutional Due Process issues is in no way analogous to the issues in the Adversary Complaint. As there is no federal property law, issues of standing and lien validity are decided under state law, and a state court judge has already ruled that the lien of Deutsche Bank is and was valid on October 25, 2017 when Summary Judgment was entered in the state court proceedings.

While the *Parker* case has no factual similarity to the case at bar other than broadly speaking to the *Rooker-Feldman* doctrine, the main case cited by Deutsche Bank in the filed Motion to Dismiss, *Balogh v. Deutsche Bank Nat'l Trust Co.,* (Case No. 17-CV-862) 2017 U.S. Dist. LEXIS 195342, 2017 WL 5890878 (N.D. IL November 28, 2017), speaks directly to the facts in this case. *Balogh* directly addresses application of the *Rooker-Feldman* doctrine to state mortgage foreclosure cases in direct contrast to *Parker.*

4

The Mansfields attempt to distinguish Deutsche Bank's reliance on *Balogh* by simply stating that in *Balogh* a judgement of foreclosure had been entered, while in this case, no such judgment has been entered. Although no "judgment of foreclosure" was entered in the state court mortgage foreclosure case pending against the Mansfields, the issues of lien validity and standing were already adjudicated by the state court judge. The issues being put forth for a second time in this Adversary case were already decided under the Motion for Summary Judgment which was granted by the state court on October 25, 2017 in Judge Brennan's Memorandum Opinion. The Mansfields invite this court to conflate the judgment of foreclosure with the order of summary judgment in an effort to distinguish the *Balogh* case, but they are separate orders. The entry of Summary Judgment in the state court foreclosure case decided the issues of lien validity and standing that are currently before this Court.

In their Response, the Mansfields frame the application of the *Rooker-Feldman* doctrine as having to do with "finality" (Response pg. 4). Were finality the only thrust of the doctrine, the Mansfields would be correct and the broad language of *Parker* would control, but as evidenced by the *Balogh* decision, finality is not the main consideration. If *Parker* controlled, as the Mansfield would lead this Court to believe, then the *Balogh* decision would not exist. *Balogh* was decided November 28, 2017, after the ruling in *Parker*, and extends the *Rooker-Feldman* doctrine directly to state court foreclosure cases, a set of facts and type of law that *Parker* simply does not address.

In *Balogh*, the court starts with the premise of finality by addressing whether the *Rooker-Feldman* doctrine can apply to interlocutory orders. The entry of a judgment of foreclosure, or summary judgment for that matter, in a state court mortgage foreclosure proceeding is not a final order. Both orders are interlocutory orders as the order confirming the foreclosure sale is the final order in a state court foreclosure case.

5

While the *Balogh* court is specifically referencing the finality of judgments of foreclosure, the court explains that the "first issue to consider is whether the state-court judgment can even trigger the *Rooker-Feldman* doctrine at all. Under Illinois law, a judgment of foreclosure-despite the fact that it is called a 'judgment'- is an interlocutory order." (*Balogh v. Deutsche Bank Nat'l Trust Co.,* (Case No. 17-CV-862) 2017 U.S. Dist. LEXIS 195342, 2017 WL 5890878 at *10 (N.D. IL November 28, 2017)). "A judgment of foreclosure does not actually 'dispose of all issues between the parties and it does not terminate the litigation'." *Id*. "The Seventh Circuit has not definitively answered whether *Rooker-Feldman* applies to judgments of foreclosure." *Id.* "Ordinarily an interlocutory order cannot serve as the trigger of the *Rooker-Feldman* doctrine." *Id at *10-11*. "But judgments of foreclosure are inherently different from ordinary interlocutory orders. A judgment of foreclosure does definitively decide certain claims asserted by the lender and does grant certain requests for relief sought by the lender. In that sense, the judgment is final on those definitively decided claims and request for relief. Indeed, nothing in the ensuing state-court litigation would change the outcome of the judgment of foreclosure. So a foreclosure judgment is akin to a partial judgment under Federal Rule of Civil Procedure 54(b). In other words, the foreclosure judgment enters final decisions on certain claims and requests for relief, so much so that the parties then move forward on the *premise* that the foreclosure judgment is in place. If, after the entry of a foreclosure judgment, a borrower sought a federal-court declaratory judgment that the lender had no interest in the property, then the district court would be undoing the foreclosure judgment to hold otherwise. That claim would be barred under *Rooker-Feldman*." (*Id at *11-12.*)

Despite the lack of total "finality" that a judgment of foreclosure has in state court mortgage foreclosure proceedings, *Balogh* found that interlocutory orders such as judgments of foreclosure can be final as to certain issues.

In this case, the state court has entered a Summary Judgment order that, although it is an interlocutory order, is final as to the issues of the validity of the mortgage lien and note, Deutsche Bank's standing, as well as the lack of issues with the original mortgagee. The state court judge reviewed the evidence and arguments of the parties and issued a Memorandum Opinion granting Summary Judgment with a specific finding that "there is not a genuine issue of a material fact with respect to Plaintiff's standing, the validity of the Mortgage, or Countrywide's/America's Wholesale Lender's status at the time of the mortgage." (Exhibit F at pg. 3 filed with Motion to Dismiss).

In line with the *Balogh* decision, and in contrast with the Mansfields' assertion that the *Rooker-Feldman* doctrine is most concerned with "finality", the Supreme Court stated in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp* that the doctrine is intended to apply to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 161 L. Ed. 2d 454, 125 S. Ct. 1517, 1521-22 (2005)*. The *Balogh* court explained this element of the doctrine as "[resting] on the premise that the Supreme Court is the only federal court with appellate authority over state-court decisions." (*Balogh v. Deutsche Bank Nat'l Trust Co.,* (Case No. 17-CV-862) 2017 U.S. Dist. LEXIS 195342, 2017 WL 5890878 at *8 (N.D. IL November 28, 2017)). "It prevents lower federal courts…from exercising jurisdiction over cases challenging state-court judgments entered before the losing party filed a federal suit." *Id at *8-9*. "The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman,* 668 F.3d 437 (7th Cir. 2012). "Claims that directly seek to set aside a state court judgment are *de facto* appeals which trigger the doctrine." *Taylor v. Fed Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004).

In this case, we have a "state court loser" seeking review of a "state-court judgment" that was entered "before the losing party filed a federal suit." The "state court loser" is seeking a "*de de facto* [appeal]" of the "state court judgment." The facts match seamlessly and perfectly mirror the application of the *Rooker-Feldman* doctrine as described by both the Supreme Court and the *Balogh* court as shown above. The main thrust of the doctrine is to prevent "state court losers" from using federal courts as appellate courts of review, as federal courts lack the jurisdiction to review state court decisions directly. Therefore, Defendant's Motion to Dismiss must be granted.

**II.    The Plaintiffs' Complaint Does Not Assert Claims Independent of those Raised in the Chancery Case.**

The Mansfields, in the state court foreclosure action filed in 2009, filed an Answer with affirmative defenses alleging a lack of standing and questioning the mortgage lien itself based on the lender being a non-existent entity. The issues were fully briefed and decided by the issuance of a Memorandum and Order on Summary Judgment entered on October 25, 2017 by Judge Daniel Patrick Brennan in the Circuit Court of Cook County. The Memorandum and Order lays out the state court decision clearly under the section "Standing/Validity of Mortgage and Original Mortgagee" and finds that "there is not a genuine issue of a material fact with respect to Plaintiff's standing, the validity of the Mortgage, or Countrywide's/America's Wholesale Lender's status at the time of the mortgage." The Memorandum goes on to enter Summary Judgment in favor of Deutsche Bank. (Exhibit F)

In their Response, the Mansfields assert that the Adversary complaint raises independent claims that were not asserted in the Chancery case. The assertion is based on the rights of a Debtor in Possession to assert the rights of a judgment creditor or bona fide purchaser under the Trustee Strong-Arm Powers. Deutsche Bank recognizes that the Mansfields absolutely are

afforded these rights under Section 1107(a) and Section 544 of the Bankruptcy Code, however, the assertion that independent claims are raised in the Adversary complaint does not hold true.

The filed Adversary complaint asks for this Court to make findings that the mortgage is avoided as null and void and the note is unenforceable due to the allegation that America's Wholesale Mortgage was a non-existent entity at the time note and mortgage were executed. This is the exact same allegation as raised in the Mansfields' Answer in the state court foreclosure proceedings. The only "independent" part of the allegation is that instead of being an affirmative defense in a state court proceeding, the allegation is now being raised through the Trustee Strong Arm Powers. The claims have not changed, merely the vehicle by which the Mansfields' choose to assert their claims.

The Mansfields have not asserted any issue with the recording of the mortgage instrument or intervening assignments in the Adversary complaint, so the challenge to the validity of the note and mortgage are being "invoked by a trustee or debtor-in-possession with the status of a hypothetical creditor, or bona fide purchaser." *In Re Baldin*, 135 B.R. 586, 591 (Bankr. N.D. Ind. 1991). "Section 544(a)(3) of the title 11 U.S.C., sometimes referred to as the 'strong-arm statute', permits the trustee in certain circumstances to avoid prepetition consensual liens or conveyances by the debtor on the basis of a failure to perfect the prepetition transaction pursuant to applicable law. This is accomplished by putting the trustee in the position of a hypothetical lien holder or bona fide purchaser." *Id* at 591.

"The rights enforced in bankruptcy are rights created by state law." *Matter of Kaiser*, 791 F.2d 73, 74 (7th Cir. 1986). "The definition of a 'bona fide purchaser', and thus the requirements for perfection against such an entity, are governed by state law." *In re Sandy Ridge Oil Co., Inc.,* 807 F. 2d a 1336, *supra*; *In re Great Plain [Western] Ranch Co., Inc.,* 38 B.R. 899, 905 (Bankr. C.D. Calif. 1984). With this foundation for Trustee Strong Arm Powers explained,

9

even in this Court, review of the Mansfields' allegations will be determined by the applicable state law.

The only claims raised in this Adversary complaint are not new or independent claims. They are the same claims attacking the validity of Deutche Bank's lien, only using a new vehicle, the Trustee Strong Arm Powers. However, any allegations asserted by the Mansfields under the Trustee Strong Arm Powers would be evaluated under applicable state law by this Court. As shown in the Memorandum and Order from October 25, 2017, a state court has reviewed the evidence and arguments of the parties and issued a decision on these very same state law claims by reviewing the applicable state law. Using a new legal vehicle, the Trustee Strong Arm Powers, the Mansfields invite this Court to review a state court decision made using state law under that very same state law. The vehicle of review of these issues that have already been decided by a state court will not change the law that will be applied to the facts. This is why the *Rooker-Feldman* doctrine clearly applies. The "state court loser" is seeking a "*de facto* [appeal]" of the "state court judgment" decided under state law.

WHEREFORE, Defendant, Nationstar Mortgage, LLC dba Mr. Cooper as servicer for Deutsche Bank National Trust Company, as Trustee, on Behalf of BCAP LLC Trust 2007- AA4,, respectfully requests this Honorable Court grant its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), dismiss this case with prejudice, and for such other and further relief as this Court deems just.

    Respectfully submitted,

    By:  /s/ Michael N. Burke

Shapiro Kreisman and Associates, LLC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
Tel (847) 291-1717
Fax (847) 291-3434