UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Debbie Pines Mansfield and | ) | Case No. 17 B 36587 |
| Lawrence J. Mansfield, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| Debbie Pines Mansfield and | ) | |
| Lawrence J. Mansfield, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 17 A 00594 |
| | ) | |
| America's Wholesale Lender, | ) | |
| Deutsche Bank National Trust Company, | ) | |
| as Trustee, on behalf of | ) | |
| BCAP LLC Trust 2007-AA4, | ) | |
| | ) | |
| Defendants. | ) | Judge Jacqueline P. Cox |

**Memorandum Opinion**

The Defendant, Nationstar Mortgage, LLC dba Mr. Cooper as servicer for Deutsche Bank National Trust Company, as Trustee, on behalf of BCAP LLC Trust 2007-AA4 ("Deutsche Bank"), seeks dismissal of Adversary Complaint 17-00594 filed by the Debtors, Debbie Pines Mansfield and Lawrence J. Mansfield (the "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] For the reasons that follow, the motion will be granted.

---

[1] Federal Rule of Bankruptcy Procedure 7012(b) states that Rule 12(b)-(i) of the Federal Rules of Civil Procedure applies in adversary proceedings.

## I. Jurisdiction

Federal Rule of Bankruptcy Procedure 7008 states that in adversary proceedings before a bankruptcy court, "the complaint . . . shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court." The Adversary Complaint does not state whether the Plaintiffs do or do not consent to entry of final orders or judgment by the bankruptcy court. They state only that this adversary proceeding is a core proceeding under Sections 157(b)(1) and 157(b)(2)(A) and (K) of Title 28 of the United States Code. Adversary Complaint 17-00594, Docket Number 1, p. 2, ¶ 4.

This court has authority to enter final orders and judgment regarding this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) - determinations of the validity, extent, or priority of liens.

## II. Facts

In 2006, the Plaintiffs borrowed $2,200,000 from America's Wholesale Lender to purchase real estate located at 545 West Aldine, Unit 6EF, Chicago, Illinois ("Property"). The loan documents include an item that the Plaintiffs refer to as the alleged promissory note ( the "note") executed by the Plaintiffs. Contemporaneously with the execution of the note, the Plaintiffs, as beneficiaries of a land trust that held title to the property, caused the land trust to execute a document alleged to be a mortgage (the "mortgage"), to secure the indebtedness represented by the note. That document was recorded with the Cook County, Illinois Recorder of Deeds in 2006.

An affidavit filed in a 2009 state court foreclosure case states that the loan went into default in December, 2008 when the Plaintiffs failed to make payments on the debt. Motion to Dismiss, Docket Number 13, Exhibit 9, p. 4.

The Plaintiffs allege that after a series of assignments Deutsche Bank claims to hold a perfected mortgage against the Property.

The Plaintiffs also allege that America's Wholesale Lender was never incorporated under the laws of the State of New York, that it did not exist in 2006, and for those reasons could execute neither a valid promissory note nor a valid mortgage enforceable against them.

### III. Legal Issues

In Count I the Plaintiffs ask the court to determine that America's Wholesale Lender did not validly execute the note and mortgage and for that reason, Deutsche Bank does not have a lien against the Property. The Plaintiffs also ask the court to declare the mortgage recorded with the Cook County, Illinois Recorder of Deeds against the Property to be null and void.

In Count II the Plaintiffs ask the court to declare the note to be incompetent and unenforceable as a written instrument evidencing a debt and to find that the 10-year statute of limitations on written instruments is inapplicable as between the Plaintiffs and Deutsche Bank. The Plaintiffs have not explained why the statute of limitations is not applicable.

#### A. Motion to Dismiss

The court will construe the complaint in the light most favorable to the Plaintiffs, by accepting all well-pleaded facts, and drawing all inferences in the Plaintiffs' favor. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007).

#### 1. Rooker-Feldman Doctrine

Deutsche Bank, asks the court to dismiss the Adversary Complaint for lack of subject matter jurisdiction under Rule of Civil Procedure 12(b)(1), based on the *Rooker-Feldman* doctrine which originated from two Supreme Court cases in which plaintiffs litigated and lost in

state court and then essentially invited federal trial courts to review and reverse the unfavorable state court judgments. The doctrine is a limitation on federal jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The U.S. Supreme Court is the only federal court with authority to review state court decisions. *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir 2002) (" . . . [T]he *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'").[2]

The state court entered a judgment of foreclosure against the Plaintiffs on October 26, 2017. The Plaintiffs filed this bankruptcy case 7 weeks later on December 10, 2017. The timing of this request for relief seeking what the Plaintiffs could not get in state court may amount to forum shopping.

Even if a plaintiff who lost in state court does not ask a lower federal court to reverse a state court's judgment, the doctrine applies if the federal case is closely related to the state court judgment. The Plaintiffs' adversary proceeding, because it asserts the same issues, the validity of the note and the mortgage, is closely related to the state court foreclosure case. For that reason the *Rooker-Feldman* doctrine applies, justifying dismissal.

---

[2]*See* 28 U.S.C. § 1257(a): Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

If a federal plaintiff pursues an independent claim, albeit one that denies a legal conclusion that a state court has reached in a case in which he or she was a party, *Rooker-Feldman* does not bar the court's jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005); *Hale v. State Farm Mutual Automobile Ins. Co.*, 2018 WL 722550 * 4 (S.D. Ill. February 6, 2018) (*Rooker-Feldman* doctrine found not to apply where plaintiffs sought a different cause of action that did not ask the court to overturn or vacate the state court judgment. Claims made in a subsequent federal lawsuit were found to allege different injuries and different violations separate from a prior state court judgment). Here, the Plaintiffs are not seeking independent claims for different injuries; they seek relief in direct contradiction to the state court foreclosure judgment which did not uphold their assertions that the note and mortgage were void and unenforceable.

An issue remains: Whether the state court judgment is final for *Rooker-Feldman* purposes. It is not final in the strictest sense because other steps remain to be taken to finalize the foreclosure proceeding. At a minimum a foreclosure sale has to be conducted. *See* 735 ILCS 5/15-1507 which states that upon entry of a judgment of foreclosure, the real estate which is the subject of a foreclosure judgment shall be sold at a judicial sale. Another step is the confirmation hearing where the court has to conduct a hearing to confirm the sale. *See* 735 ILCS 5/15-1508(b). This court agrees with the analysis of this issue in *Balogh* v. *Deutsche Bank National Trust Co.*, 2017 WL 5890878, * 5 (N.D. Ill. 2017):

> A judgment of foreclosure does definitively decide certain claims asserted by the lender and does grant certain requests for relief sought by the lender. In that sense, the judgment is final on those definitively decided claims and requests for relief. Indeed, nothing in the ensuing state-court litigation would change the outcome of the judgment of foreclosure. So a foreclosure judgment is actually akin to a partial

judgment under Federal Rule of Civil Procedure 54(b). In other words, the foreclosure judgment enters final decisions on certain claims and requests for relief, so much so that the parties then move forward with other claims and requests for relief on the premise that the foreclosure judgment is in place. If, after the entry of a foreclosure judgment, a borrower sought a federal-court declaratory judgment that the lender had no interest in the property, then the district court would be undoing the foreclosure judgment to hold otherwise. That claim would be barred under *Rooker-Feldman* (citation omitted).

The *Balogh* court held that some of the relief sought by the plaintiff therein ran into the jurisdictional bar of *Rooker-Feldman*. * 5. "In his complaint Balogh outright asserts that Defendants 'unlawfully stole' his home. But a lower federal court cannot vacate the foreclosure judgment, so Balogh cannot pursue that relief here. Similarly, any emotional distress over the foreclose judgment is again an injury arising out of the state-court judgment, so that too cannot be recovered here." *Id.*

The state court issued a Memorandum and Order on October 25, 2017 in which it granted summary judgment to Deutsche Bank, and entered a judgment of foreclosure the next day. That court rejected the claims asserted herein that the note and mortgage are invalid and unenforceable because America's Wholesale Lender had not been incorporated under New York law.

The state court judge specifically found that the endorsement on the note was from Countrywide Home Loans, Inc., a New York Corporation doing business as America's Wholesale Lender, and that Countrywide had been an active entity since 1969. Memorandum and Order, Motion to Dismiss, Docket Number 13, Exhibit 9, p. 4. That court also ruled that the mortgage complied with 765 ILCS 5/11, finding that there was no requirement in the Conveyance Act or any other provision of Illinois law that requires that a mortgage be executed

by an attorney and that there was no genuine issue of material fact with respect to the lender's standing, the validity of the mortgage or Countrywide's/America's Wholesale Lender's status at the time of the mortgage. *Id.*

The Plaintiffs allege the opposite herein. For that reason their adversary proceeding is barred by the *Rooker-Feldman* doctrine, even though the state court foreclosure judgment did not end that matter. This court agrees with the district court in *Balogh* that judgments of foreclosure, though not completely final, dispose of certain issues and for that reason are final as to some claims. The court is aware of the Seventh Circuit's ruling in *Carpenter v. PNC Bank*, 633 Fed.Appx. 346, 348 (7th Cir. 2016) where the interlocutory nature of a foreclosure judgment was not an impediment to applying *Rooker-Feldman*. It is, however, a non-precedential disposition. Seventh Cir. R. 32.1(b).

The Plaintiffs rely on *Parker v Lyons*, 757 F.3d 701, 706 (7th Cir. 2014) where, in the context of a challenge to an Illinois statute that barred felons from holding office, the Seventh Circuit held that the *Rooker-Feldman* limitation on jurisdiction did not apply where the subsequent federal case was filed while the state court judgment was on appeal and where the winning party in state court was alleged to have prevailed by corrupting the state judicial process. The Plaintiffs do not allege that the state court acted corruptly, however, they are correct that the state court case has not ended and for that reason the *Rooker-Feldman* limitation on jurisdiction ordinarily should not apply. However, because the state court resolved all of the issues asserted in this adversary proceeding, application of the *Rooker-Feldman* limitation on jurisdiction is justified.

### 2. Abstention

This court will consider an alternative ground for recognizing the vitality of the state court foreclosure judgment by abstaining from hearing the issues in federal court.

State law determines parties' property interests and rights. *Butner v. U.S.*, 44 U.S. 48, 54 (1979). Bankruptcy courts determines whether rights and obligations established under state law can be reorganized or discharged under federal bankruptcy law. The state court's rulings are timely determinations of whether the note and mortgage are valid under state law. Federal law provides that "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(c)(1).

Allowing the Plaintiffs to proceed on the contentions that failed in state court could force Deutsche Bank to incur legal expenses to litigate matters that have already been resolved. In the context of a matter involving the modification of the automatic stay, the Seventh Circuit noted that attention paid to the stage in which non-bankruptcy litigation has progressed is based on the sound principle that the further along the litigation, the more unfair it is to force a debtor's opponent to have to duplicate all of its efforts in the bankruptcy court. *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 737 (7th Cir. 1991). This case has been pending in state court for 9 years to date. That alone merits federal court abstention.

In *In re Jepson*, 816 F.3d 942 (7th Cir. 2016) the debtor sought relief under chapter 7 of the Bankruptcy Code while her mortgagee's foreclosure case was pending in the Circuit Court of Cook County, Illinois. When the mortgagee sought relief from the automatic stay, the debtor,

-8-

like the Plaintiffs herein, filed a response and an adversary proceeding arguing, in part, that her lender, America's Wholesale Lender, was a fictitious entity and for that reason the note she gave for the loan to purchase real estate was not negotiable under Illinois law. That debtor also sought to enforce various provisions of a Pooling and Servicing Agreement (the "PSA"). The Seventh Circuit ruled that the debtor was not a party to the PSA and remanded the matter to the bankruptcy court, reminding that court that it had authority to abstain from adjudicating whether America's Wholesale Lender was a fictitious entity, as it was a narrow issue of Illinois law. Citing *In re Williams*, 144 F.3d 544, 550 (7th Cir. 1998), the Seventh Circuit noted that "[D]eciding similarly narrow issues of state law through a bankruptcy proceeding 'would not be a particularly efficient use of judicial resources and may encourage forum shopping.'" (internal citation omitted).

### 3. Avoidance of Duplicative Litigation and Conflicting Decisions

Absent authority to abstain under federal law, "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal court or by state and federal courts. These principles rest on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . [A]s between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation.'" *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817-18 (1976) (internal citations omitted).

To conserve judicial resources and avoid the risk of the court systems entering conflicting judgments, this court will dismiss this adversary proceeding.

This adversary proceeding will be dismissed with prejudice in the interest of justice, in the interest of comity with Illinois courts and out of respect for Illinois law.

### IV. Conclusion

The Motion to Dismiss is granted with prejudice because the *Rooker-Feldman* doctrine applies; abstention is appropriate and it makes little sense to re-adjudicate settled issues.

The court would have considered dismissing this adversary proceeding without prejudice to allow the filing of an amended complaint if the Plaintiffs were trying to do something other than contravene a state court judgment.

This Memorandum Opinion constitutes the court's findings of fact and conclusions of law. A separate Judgment Order will be entered.

Date: June 8, 2018

ENTERED:

_____
Jacqueline P. Cox
United States Bankruptcy Judge